UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL A. WHITAKER, | ) |
| Plaintiff, | ) ) ) |
| v. | )  No. 1:22-cv-00376-JPH-MPB |
| KNIGHT, | ) ) ) |
| Defendant. | ) |

**Order Denying Motion for Leave to Amend**

In this action, Plaintiff Michael Whitaker is pursuing an Eighth Amendment claim that Defendant Lieutenant Knight was deliberately indifferent to his serious medical needs. When Mr. Whitaker was transferred to a new cell on January 10, 2022, he told Lieutenant Knight that he needed to be located near an outlet for his CPAP machine. Lieutenant Knight responded that they would deal with that issue "at a later time" but failed to do so for more than eight months. *See* dkt. 12 (Screening Order).

Mr. Whitaker now seeks leave to amend his complaint. Dkt. 32. His claims against Lieutenant Knight remain the same, but he seeks to add three new defendants—Officer Nelson, Nurse 1, and Nurse 2. In his proposed amended complaint, he alleges that these defendants violated his constitutional rights because, when he arrived at Heritage Trail Correctional Facility on July 22, 2021, they took his CPAP machine, and it was not returned for more than 100 days. Dkt. 32-2.

Because Mr. Whitaker is a prisoner who has sued government defendants, the Court assesses "whether joinder is proper under Rule 20 before considering the merits" of the claims as required by 28 U.S.C. § 1915A. *Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022). Under Federal Rule of Civil Procedure 20(a)(2), persons may be joined in one action as defendants if: (a)

1

"any right to relief is asserted against them jointly, severally, or in the alternative *with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences*"; and (b) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (emphasis added). Mr. Whitaker is currently proceeding on a claim based on Lieutenant Knight's failure to place him close to an outlet for his CPAP machine when he was transferred to a new unit. He seeks to add claims against new defendants that are based on an entirely different occurrence or series of occurrences—the taking of his CPAP machine in July 2021 and the delay in returning it to him. As framed, Mr. Whitaker's claims against Officer Nelson, Nurse 1, and Nurse 2 cannot proceed in the same action as his claims against Lieutenant Knight.

In addition, a district court may "sever any claims that are 'discrete and separate' in the interest of judicial economy and to avoid prejudice." *Vermillion v. Levenhagen*, 604 F. App'x 508, 513 (7th Cir. 2015) (citing *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 442 (7th Cir. 2006); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000); *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985)). To be "discrete and separate . . . , one claim must be capable of resolution despite the outcome of the other claim." *Gaffney*, 451 F.3d at 442 (cleaned up). There is no question that the claims against Officer Knight are separate and discrete from the claims arising from Mr. Whitaker's claims against Officer Nelson and the nurses.

Thus, even if both claims alleging denial of the CPAP machine could be heard against Officer Knight, Officer Nelson, and the two unknown nurses in the same lawsuit, severance as set forth above is a proper use of this Court's discretion. *See Rice*, 209 F.3d at 1016; *see also Gaffney*, 451 F.3d at 442 (reviewing district court's decision to sever the plaintiff's claims for an abuse of discretion). Allowing amendment now would create undue delay in resolving the claim against Officer Knight who has already filed a motion for summary judgment based on exhaustion.

2

*Dorsey*, 55 F.4th at 1103 ("A district court may, in its discretion, deny joinder even if the Rule 20(a)(2) requirements are met.") (citing *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) (listing prejudice, expense, and delay as reasons to deny otherwise-proper joinder)). Thus, if Mr. Whitaker were allowed leave to amend, his new claims would immediately be severed, and—if he chose to pursue them—a new case would be opened, which would require Mr. Whitaker to pay an additional filing fee. The statute of limitations on Mr. Whitaker's claims against Officer Nelson, Nurse 1, and Nurse 2 has not expired. *See Devbrau v. Kalu*, 705 F.3d 765, 767 (7th Cir. 2013) (§ 1983 claims borrow the statute of limitations applicable to personal-injury claims under state law, which in Indiana is two years).

Accordingly, allowing Mr. Whitaker to amend in this case would accomplish nothing—not even saving Mr. Whitaker from incurring a second filing fee or preserving his statute of limitations. *See Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.th 517, 529 (7th Cir. 2022) (Federal Rule of Civil Procedure 15(a) provides that a court should "freely give leave [to amend] when justice so requires," but a district court may deny leave to amend if amendment would be futile).

For these reasons, Mr. Whitaker's motion for leave to amend, dkt. [32], is **denied**. If he wishes to pursue his claims against Officer Nelson, Nurse 1, and Nurse 2, he should file a new complaint. The **clerk is directed** to enclose a blank prisoner civil rights complaint form with Mr. Whitaker's copy of this Order, which he may use if he chooses to pursue a separate lawsuit against Officer Nelson, Nurse 1, and Nurse 2.

In addition, the deadline for Mr. Whitaker to respond to the pending motion for summary judgment on the issue of exhaustion, dkt. [27], is extended up to and including **March 28, 2023**.

**SO ORDERED.**

Date: 3/8/2023

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL A. WHITAKER
257834
HERITAGE TRAIL CORRECTIONAL FACILITY
727 Moon Rd.
Plainfield, IN 46168

Joseph Thomas Lipps
BBFCS ATTORNEYS
jlipps@bbfcslaw.com