UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL A. WHITAKER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:22-cv-00376-JPH-MKK |
| KNIGHT, | ) ) ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Plaintiff Michael Whitaker is an Indiana inmate incarcerated at Heritage Trail Correctional Facility ("Heritage Trail"). He pursues Eighth Amendment claims against Defendant Lieutenant Knight based on allegations that Lieutenant Knight transferred him to a cell where there was no electrical outlet for his CPAP machine and ignored him when he asked about the issue. Dkt. 12 (Screening Order). Lieutenant Knight has filed a motion for summary judgment, arguing that Mr. Whitaker failed to exhaust available administrative remedies before filing this suit. Dkt. 27. The Court extended Mr. Whitaker's response deadline twice, *see* dkts. 36, 38, but he never filed a response. For the reasons stated below, Lieutenant Knight's summary judgment motion is **granted**.

### I.  Summary Judgment Standard

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v.*

1

*Middlebury Cmty. Schs.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

In this case, Lieutenant Knight has met that burden through his unopposed motion for summary judgment. Mr. Whitaker failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.    Background

### A. Grievance Process

At all times relevant to this complaint, the Indiana Department of Correction ("IDOC") maintained an Offender Grievance Process ("Grievance Process"), which was the only grievance process recognized by the IDOC. Affidavit of Traci Lewis, dkt. 29-1 ¶¶ 6–9; Grievance Process, dkt. 29-2. Inmates are required to complete all steps properly to exhaust the Grievance Process. Dkt. 29-1 ¶ 8. When Mr. Whitaker arrived at Heritage Trail on July 26, 2021, he signed a document acknowledging that he had received a copy of the Grievance Process. Dkt. 29-5.

The Grievance Process consists of three steps: (1) a formal attempt to solve a problem or concern following unsuccessful attempts at informal resolutions; (2) a written appeal to the Warden or his designee; and (3) a written appeal to the Department Grievance Manager. Dkt. 29-2 at 3. When a formal grievance is

accepted, it is entered into the IDOC's computer system for tracking grievances, which is referred to as OGRE. Dkt. 29-1 ¶¶ 11, 26, 29. After a grievance is accepted, the Grievance Specialist has 15 business days to respond to the grievance. Dkt. 29-2 at 12. If no response is provided to the inmate within 20 business days of receipt of the grievance, the inmate may appeal to the Warden or his designee as if the grievance were denied. *Id.*

If the inmate receives a response and is dissatisfied with it, he has five business days to submit an appeal to the Grievance Specialist. *Id.* Once received, the appeal is logged and forwarded to the Warden or his designee. *Id.* at 13. If the inmate is dissatisfied with the response from the Warden or his designee or does not receive a response to his appeal within the timeframe set forth by the Grievance Process, he may appeal to the Department Offender Grievance Manager. *Id.* Any appeal to the Department Grievance manager must be made within five business days of the appeal response from the Warden or his designee. *Id.*

**B. Mr. Whitaker's Use of the Grievance Process**

At screening, the Court allowed Mr. Whitaker to proceed with Eighth Amendment claims based on allegations that Lieutenant Knight placed him in a cell with no outlet for his CPAP machine and then ignored him when he asked about the issue. Dkt. 12. In the complaint, Mr. Whitaker alleged that he was placed in the cell with no electrical outlet on January 10, 2022. Dkt. 1 at 3. In response to a question on the form complaint he used, Mr. Whitaker alleged that he exhausted his administrative remedies because he filed a grievance on

4

December 9, 2021—a month before the incident—and did not receive a response. *Id.* at 5.

The IDOC's records reflect that Mr. Whitaker never filed a grievance about the events at issue in this lawsuit. Dkt. 29-1 ¶¶ 26–29; History of Grievances, dkt. 29-4. They reflect that, as he alleged in his complaint, Mr. Whitaker submitted a grievance on December 9, 2021. Dkt. 29-1 ¶ 26; December 9 Grievance, dkt. 29-3; dkt. 29-4. That grievance, though, related to the delay Mr. Whitaker experienced in receiving his CPAP machine once he arrived at Heritage Trail, not being placed in a cell with no electrical outlet for his CPAP machine. Dkt. 29-1 ¶¶ 26–27; dkt. 29-3.

### III. Discussion

Lieutenant Knight seeks summary judgment and argues that Mr. Whitaker failed to exhaust his available administrative remedies as required by the PLRA because he never submitted a formal grievance about the events at issue in this lawsuit. The PLRA requires that a prisoner exhaust his available administrative remedies before bringing suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524–25 (2002). Exhaustion of available administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal quotation omitted). Proper use of the facility's grievance system requires an inmate "to file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Dole*

5

*v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). Moreover, "[b]ecause exhaustion is an affirmative defense, the defendant[] must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it." *Thomas v. Reese,* 787 F.3d 845, 847 (7th Cir. 2015); *see also Kaba v. Stepp,* 458 F.3d 678, 681 (7th Cir. 2006).

The undisputed designated evidence shows that Mr. Whitaker never filed a grievance about the events at issue in this lawsuit. He filed a grievance about his CPAP machine, but it was filed about a month before the events at issue in this lawsuit even happened and, in any event, it related to a delay in receiving the machine, not his lack of access to an electrical outlet to operate the machine. And, even if that were not the case, Mr. Whitaker did not administratively appeal the denial of this grievance. Dkt. 29-4; *Woodford,* 548 U.S. at 90 (requiring "using all steps that the agency holds out" in order to properly exhaust). Because it is undisputed that Mr. Whitaker did not exhaust the full Grievance Process with respect to his claims against Lieutenant Knight, Lieutenant Knight is entitled to summary judgment in his favor.

### IV. Conclusion

For the reasons stated above, Lieutenant Knight's motion for summary judgment, dkt. [27], is **granted**. Mr. Whitaker's claims are **dismissed without prejudice** for failure to exhaust administrative remedies.

Judgment will issue by separate entry.

**SO ORDERED.**

Date: 8/1/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL A. WHITAKER
257834
HERITAGE TRAIL CORRECTIONAL FACILITY
727 Moon Rd.
Plainfield, IN 46168

Joseph Thomas Lipps
BBFCS ATTORNEYS
jlipps@bbfcslaw.com